IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOTOROLA MOBILITY, INC.,<br><br>　　　　　Defendant. | Civil Action No. 6:12cv263-or1-36DaB<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"), for its Complaint against Defendant Motorola Mobility, Inc. ("Motorola" or "Defendant") alleges the following:

### INTRODUCTION

1. This is an action for infringement of United States Patent Nos. 5,719,922 ("the '922 patent") and 6,236,717 ("the '717 patent") under 35 U.S.C. § 271(a), (b), and (c).

### PARTIES

2. Plaintiff Brandywine is a limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

3. Upon information and belief, Motorola is a corporation incorporated under the laws of the State of Delaware and has its principal executive offices at 600 N. U.S. Highway 45, Libertyville, Illinois 60048. Upon information and belief, Motorola has one or more offices or facilities within this judicial district. Upon information and belief, Motorola sells and offers to sell products and/or services throughout the United States, including in this judicial district, and

introduces products and/or services that perform infringing processes into the stream of commerce knowing that they will be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over the Defendant. Upon information and belief, Defendant has transacted business in this judicial district directly or indirectly and has committed, contributed to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products and/or products that perform infringing processes directly, or through retailers or other businesses located in Florida and this judicial jurisdiction.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,719,922
## (35 U.S.C. § 271)

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On February 17, 1998, the '922 Patent, entitled "Simultaneous Voice/Data Answering Machine," was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Bremer and Richard Kent Smith (collectively "the '922 Inventors"), and has been duly and legally assigned to Brandywine. All of the '922 Inventors reside in this judicial district. A copy of the '922 patent is attached as Exhibit A.

10. Motorola has also had actual knowledge of the '922 patent and its alleged infringement of that patent since at least December 13, 2011, the date Brandywine sent Motorola a letter that provided notice of Motorola's infringement of the '922 patent.

11. Upon information and belief, Defendant Motorola has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '922 patent in this judicial district and elsewhere by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '922 patent ("Motorola Accused Services and Products for the '922 patent").

12. Motorola Accused Services and Products for the '922 patent include, but are not limited to, Motorola Atrix 4G, Photon 4G, Droid X2, Droid 3, and Xprt.

13. Furthermore, and/or in the alternative, upon information and belief, Motorola has committed joint infringement of the '922 patent. Motorola and its service providers, including, but not limited to, AT&T Mobility, LLC, have, acting jointly, infringed and continue to infringe at least claim 7 of the '922 patent by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe at least claim 7 of the '922 patent. Moreover, Motorola has exercised and continues to exercise control and direction over the jointly infringing activities of its service providers, including, but not limited to, AT&T Mobility, LLC.

14. Upon information and belief, Motorola's continued infringement despite its knowledge of the '922 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

15. Upon information and belief, since at least December 13, 2011, Motorola has committed and continues to commit acts of contributory infringement of at least claim 1 of the

'922 patent under 35 U.S.C. § 271(c) in that Motorola has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including Motorola Accused Services and Products for the '922 patent. These products have no substantial non-infringing uses and are especially adapted to work in a system or carry out a method claimed in the '922 patent, for example, by claim 1. Motorola provides such products to its customers, whose use of such products constitutes direct infringement of at least claim 1 of the '922 patent.

16. Upon information and belief, since at least December 13, 2011, Motorola has committed and continues to commit acts of contributory infringement of at least claim 7 of the '922 patent under 35 U.S.C. § 271(c) in that Motorola has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including Motorola Accused Services and Products for the '922 patent. These products have no substantial non-infringing uses and are especially adapted to work in a system or carry out a method claimed in the '922 patent, for example, by claim 7. Motorola provides such products to its service providers, including, but not limited to AT&T Mobility, LLC, whose use of such products constitutes direct infringement of at least claim 7 of the '922 patent, and where its service providers' customers' use of such products and services constitutes direct infringement of at least claim 7 of the '922 patent.

17. Upon information and belief, since at least December 13, 2011, Motorola has induced and continues to induce others to infringe at least claim 1 of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of at least claim 1 of the '922 patent. Motorola's aiding and

abetting includes, for example, advertising, instructing, and/or supporting the consumers' directly infringing use.

18. Upon information and belief, since at least December 13, 2011, Motorola has induced and continues to induce others to infringe at least claim 7 of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, its service providers, such as AT&T Mobility, LLC, whose use and sale of such services and products constitutes direct infringement of at least claim 7 of the '922 patent, and where its service providers' customers' use of such products and services constitutes direct infringement of at least claim 7 of the '922 patent. Motorola's aiding and abetting includes, for example, marketing and promoting the sale of Motorola Accused Services and Products by others, such as AT&T Mobility, LLC.

19. Because of Motorola's infringement, inducement of infringement, and contributory infringement of the '922 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,236,717
## (35 U.S.C. § 271)

20. The allegations set forth in the foregoing paragraphs 1 through 19 are incorporated into this Second Claim for Relief.

21. On May 22, 2001, the '717 Patent, entitled "Simultaneous Voice/Data Answering Machine" was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Bremer and Richard Kent Smith ("the '717 Inventors"), and has been duly and legally assigned to Brandywine. The '717 Inventors reside within this judicial district. A copy of the '717 patent is attached as Exhibit B.

22. Motorola has also had actual knowledge of the '717 patent and its alleged infringement of that patent since at least December 13, 2011, the date Brandywine sent Motorola a letter that provided notice of Motorola's infringement of the '717 patent.

23. Upon information and belief, Defendant Motorola has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '717 patent in this judicial district and elsewhere by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 patent ("Motorola Accused Services and Products for the '717 patent").

24. Motorola Accused Services and Products for the '717 patent include, but are not limited to, Motorola Atrix 4G, Photon 4G, Droid X2, Droid 3 and Xprt.

25. Furthermore, and/or in the alternative, upon information and belief, Motorola has committed joint infringement of the '717 patent. Motorola and its service providers, including, but not limited to, AT&T Mobility, LLC, have, acting jointly, infringed and continue to infringe at least claim 15 of the '717 patent by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe at least claim 15 of the '717 patent. Moreover, Motorola has exercised and continues to exercise control and direction over the jointly infringing activities of its service providers, including, but not limited to, AT&T Mobility, LLC.

26. Upon information and belief, Motorola's continued infringement despite its knowledge of the '717 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

27. Upon information and belief, since at least December 13, 2011, Motorola has committed and continues to commit acts of contributory infringement of at least claim 1 of the

'717 patent under 35 U.S.C. § 271(c) in that Motorola has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including Motorola Accused Services and Products for the '717 patent. These products have no substantial non-infringing uses and are especially adapted to work in a system or carry out a method claimed in the '717 patent, for example, by claim 1. Motorola provides such products to its customers, whose use of such products constitutes direct infringement of at least claim 1 of the '717 patent.

28. Upon information and belief, since at least December 13, 2011, Motorola has committed and continues to commit acts of contributory infringement of at least claim 15 of the '717 patent under 35 U.S.C. § 271(c) in that Motorola has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including Motorola Accused Services and Products for the '717 patent. These products have no substantial non-infringing uses and are especially adapted to work in a system or carry out a method claimed in the '717 patent, for example, by claim 15. Motorola provides such products to its service providers, including, but not limited to AT&T Mobility, LLC, whose use of such products constitutes direct infringement of at least claim 15 of the '717 patent, and where its service providers' customers' use of such products and services constitutes direct infringement of at least claim 15 of the '717 patent.

29. Upon information and belief, since at least December 13, 2011, Motorola has induced and continues to induce others to infringe at least claim 1 of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of at least claim 1 of the '717 patent. Motorola's aiding and

abetting includes, for example, advertising, instructing, and/or supporting the consumers' directly infringing use.

30. Upon information and belief, since at least December 13, 2011, Motorola has induced and continues to induce others to infringe at least claim 15 of the '717 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, its service providers, such as AT&T Mobility, LLC, whose use of such services and products constitutes direct infringement of at least claim 15 of the '717 patent, and where its service providers' customers' use of such products and services constitutes direct infringement of at least claim 15 of the '717 patent. Motorola's aiding and abetting includes, for example, marketing and promoting the sale of Motorola Accused Services and Products by others, such as AT&T Mobility, LLC.

31. Because of Motorola's infringement, inducement of infringement, and contributory infringement of the '717 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Brandywine demands judgment against Motorola, and against Motorola's respective subsidiaries, affiliates, agents, servants, employees, licensees, and all persons acting or attempting to act in active concert or participation with them or acting on their behalf, granting the following relief:

A. A judgment in favor of Brandywine that Defendant has infringed, directly and/or indirectly, and by way of inducing and/or contributing to the infringement, and by joint infringement, of the '922 and '717 patents;

B.  An award of damages adequate to compensate Brandywine for the infringement, inducement of infringement, contributory infringement, and joint infringement, together with pre- and post-judgment interest and an accounting;

C.  An award to Brandywine of increased damages pursuant to 35 U.S.C. § 284;

D.  A finding that this case is exceptional and an award to Brandywine of its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

E.  Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Brandywine demands a trial by jury.

Dated: February 21, 2012

Respectfully submitted,

Christopher T. Hill, Esquire
Florida Bar No. 0868371
Steven R. Main, Esquire
Florida Bar No. 0144551
Hill, Rugh, Keller & Main, P.L.
390 North Orange Avenue, Suite 1610
Orlando, Florida 32801
Telephone: (407) 926-7460
Telecopier: (407) 926-7461

Attorneys for Plaintiff
Brandywine Communications Technologies, LLC